Case 4:05-cv-00694 Document 1 Filed in TXSD on 03/03/05 Page 1 of 8

United States Courts
Southern District of Texas
FILED

MAR 0 3 2005

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | H 05-0694 |
| Plaintiff, | |
| v. | COMPLAINT |
| EDDIE RICHARD MECHE, | |
| Defendant. | |

Plaintiff Securities and Exchange Commission alleges:

## SUMMARY

1. The case involves round-trip energy trades entered into by Reliant Resources, Inc., and its former parent company Reliant Energy, Inc. The round-trip trades were massive, pre-arranged transactions involving simultaneous purchases and sales of electric power or natural gas, between the same counterparties, for the same volume, at the same price, with no contemplation of delivery and no possibility of profit for either party. Defendant Meche served as Reliant's Chief Risk Control Officer. Prior to his promotion to that position he was the Wholesale Group's Vice President for Risk Management, with oversight responsibility for recording the trading group's commodities transactions. The Commission seeks an order requiring Meche to pay a civil monetary penalty of $25,000.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77u(a)] and Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78u(e) and 78aa].

3. Defendant has, directly and indirectly, made use of the means or instrumentalities of interstate commerce and/or the mails in connection with the transactions described in this Complaint.

4. Venue is proper in this Court under Section 22(a) of the Securities Act [15 U.S.C. §77u(a)] and Section 27 of the Exchange Act [15 U.S.C. §§78u(e) and 78aa] because certain of the acts and transactions described herein took place in Houston, Texas.

## DEFENDANT

5. Eddie Richard Meche, 39, served as Vice President and Chief Risk Control Officer of Reliant Resources, Inc. from June 1999 until his departure in 2002. Prior to that Meche served as Vice President for Risk Control of Reliant's Wholesale Group.

## OTHER RELEVANT ENTITIES

6. Reliant Resources, Inc., a Delaware corporation headquartered in Houston, Texas, builds and owns electric power plants that sell energy into unregulated markets. Through its Wholesale Group, Reliant Resources also markets its own electricity and trades electricity and natural gas. Reliant Resources' common stock is registered under Section 12(b) of the Exchange Act and trades on the New York Stock Exchange under the symbol RRI.

7. Reliant Energy, Inc. was, prior to October 1, 2002, an electric and gas public-utility holding company that owned about 80% of Reliant Resources' common stock. Reliant Energy's common stock was registered under Section 12(b) of the Exchange Act and traded on the New York Stock Exchange under the symbol REI. Subsequent to the spin-off of Reliant Resources on October 1, 2002, Reliant Energy's regulated operations have been carried on by CenterPoint Energy, Inc., which trades on the New York Stock Exchange under the symbol CNP.

## FACTS

8. On May 12, 2002, Reliant Resources announced that it had engaged in significant same-day round-trip trades involving simultaneous, pre-arranged purchases and sales with the same counterparty for the same volume at approximately the same price. The trades resulted in no meaningful profit or loss to either transacting party and were intended to improve Reliant's standing in the gas and power trading rankings in industry publications.

9. On May 12, 2003, the Securities and Exchange Commission ("SEC") issued a settled cease-and-desist order against Reliant Resources, Inc. and Reliant Energy, Inc. finding that each had violated Section 17(a) of the Securities Act and Sections 10(b), 13(a), and 13(b)(2) of the Exchange Act and Rules 10b-5, 12b-20, 13a-1 and 13a-13 thereunder. In the Matter of Reliant Resources, Inc. and Reliant Energy, Inc., Administrative Proceeding File No. 3-11110 (May 12, 2003).

10. Reliant's round-trip trades began in 1999. That year, the company entered into five round-trip power trades totaling 29.75 million megawatt hours with three counterparties: PanCanadian Energy Services, Inc. ("PanCanadian"), Merchant Energy Group of the Americas, Inc. ("MEGA"), and Public Service Company of Colorado. Reliant also entered into one round trip gas trade that year for 182 billion cubic feet, valued at $364 million, with Cokinos Energy. In total, the 1999 power and gas round trip trades added over $1.4 billion in offsetting gross revenue and expenses to Reliant's books.

11. In 2000 Reliant entered into four round-trip power trades totaling 30.32 million megawatt hours with two counterparties: BP Energy Company ("BP Energy") and CMS Energy Corporation. The 2000 trades with BP Energy and CMS added over $1 billion in offsetting gross revenue and cost of goods sold. Over 97% of this revenue was attributable to the round trip trades with CMS.

12.     In 2001 Reliant entered into eight round trip power trades totaling 74.36 million megawatt hours with CMS and one round trip gas trade for 46 billion cubic feet with EnCana Energy Services Inc. (formerly PanCanadian). The power trades with CMS accounted for about 20% of Reliant Resources' total trading volume for the year and added over $3.6 billion in revenue and expenses.

13.     Reliant reported all trades on a gross basis, which meant that its reported revenue figures were not netted against offsetting expenses. As a result, the round-trip transactions conveyed an inaccurate picture of Reliant's revenues and expenses. For example, in its 2001 annual report (subsequently amended) Reliant Resources reported gross revenues of $36.5 billion, over $3.8 billion of which resulted from round-trip trades. In total, the round-trip trades inflated Reliant Resources' revenues and expenses by 17.7% in 1999, 5.3% in 2000, and 10.6% in 2001. In addition to recording inaccurate revenue and expenses from the round trip trades, Reliant also published inflated trading volumes in the annual and quarterly reports it filed with the SEC.

14.     Reliant also included the overstated trading volumes and revenues in prospectuses and registration statements filed with the SEC in anticipation of securities offerings. In its initial public offering prospectus dated April 30, 2001, Reliant Resources represented that it was "the fifth largest power marketer in the United States for the year 2000 based on [megawatt hours] of electricity sold," and "the tenth largest marketer of natural gas for the year 2000 based on total [billion cubic feet] of natural gas sold." In addition, Reliant Energy filed a registration statement with the SEC on Form S-3 in September 1999, and Reliant Resources filed a registration statement on Form S-1 in October 2000. Both of those filings included or incorporated the revenue overstatements from previously filed annual and quarterly reports.

15. In his capacity as Wholesale Risk Control Officer, defendant Meche was familiar with at least two of Reliant's round-trip trades. When questioned about the trades by individuals in Reliant's corporate accounting department, Meche told the individuals that the trades should be recorded in the company's books.

16. Along with other employees of the Wholesale Group and its corporate parent, Meche received Reliant's draft annual reports on Form 10-K for fiscal years 1999, 2000, and 2001. As filed, the final versions of those reports included both overstated gross revenues and expenses due to the round trip trades, and descriptions of the magnitude of Reliant's power and gas trades. The reports specifically mentioned Reliant's ranking in terms of its energy trading volumes.

## FIRST CLAIM
### Violations of Sections 17(a)(2) and (3) of the Securities Act

17. Paragraphs 1 through 16 are realleged and incorporated by reference.

18. As a result of the conduct described above, Reliant violated Sections 17(a)(2) and (3) of the Securities Act [15 U.S.C. § 77q] by filing reports, including offering materials, that included revenues and expenses related to round trip trades. Defendant Meche, directly or indirectly, was a cause, under Section 8A of the Securities Act [15 U.S.C. § 77h-1], of Reliant's violation.

## SECOND CLAIM
### Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13 Thereunder

19. Paragraphs 1 through 16 are realleged and incorporated by reference.

20. As a result of its filing of annual and quarterly reports that included revenues and expenses related to round trip trades, Reliant violated Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder. [17 C.F.R. §§ 240.12b-20,

240.13a-1 and 240.13a-13] Defendant Meche, directly or indirectly, was a cause, under Section 8A of the Securities Act [15 U.S.C. § 77h-1], of Reliant's violation.

### THIRD CLAIM
### Violations of Section 13(b)(2)(A) and (B) of the Exchange Act

21. Paragraphs 1 through 16 are realleged and incorporated by reference.

22. As a result of the conduct described above, Reliant's books, records, and accounts misstated the company's transactions and disposition of its assets in violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act. [15 U.S.C. § 78m(b)(2)(A)] Defendant Meche, directly or indirectly, was a cause, under Section 8A of the Securities Act [15 U.S.C. § 77h-1], of Reliant's violation.

### REQUEST FOR RELIEF

For these reasons, the Commission respectfully requests that the Court enter a final judgment ordering Meche to pay a civil money penalty in the amount of $25,000 (twenty-five thousand dollars), pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Respectfully submitted,


_____
Toby M. Galloway
(Attorney in Charge)
Texas Bar No. 00790733
SDTX No. 18947

Attorney for Plaintiff
SECURITIES and EXCHANGE COMMISSION
801 Cherry St., 19th Floor
Fort Worth, Texas 76102
Office:  (817) 978-6447
Fax:     (817) 978-4927


Of Counsel:

Cheryl J. Scarboro
Robert I. Dodge
SECURITIES and EXCHANGE COMMISSION
450 Fifth Street, NW
Washington, DC 2-549-0706
Office: (202) 824-5058
Fax:    (202) 942-9668

JS 44(Rev 11/04)

# CIVIL COVER SHEET

**ORIGINAL**

**H-05-0694**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

UNITED STATES SECURITIES AND EXCHANGE COMMISSION

### Defendants-

EDDIE RICHARD MECHE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S PLAINTIFF CASES)

County of Residence of First Listed Defendant: Houston
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEY (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Toby Galloway / Cheryl J. Scarboro
U.S. Securities & Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, TX 76102
(817) 978-6447

ATTORNEYS (IF KNOWN)

United States Courts
Southern District of Texas
FILED

MAR 0 3 2005

Michael N. Milby, Clerk of Court

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DTF |  | PTF | DTF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 156 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. |  | ☐ 470 Racketeer Influenced and Corrupt Organization |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **PROPERTY RIGHTS** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage |  | ☐ 820 Copyrights | ☒ 850 Securities Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability |  | ☐ 830 Patent | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  |  | ☐ 840 Trademark | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395FF) | ☐ 892 Economic Stabilization A |
|  |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 790 Other Labor Litigation |  | Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General |  | ☐ 870 Taxes (U S Plaintiff or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty |  | ☐ 871 IRS - Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property |  | ☐ 540 Mandamus & Other |  |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (Specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

## VI. CAUSE OF ACTION
CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING (DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY):
Brief Description of cause:
Section 17(a)(2) and (3) of the Securities Act [15 U.S.C. §77q], Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13 thereunder [15 U.S.C. § 78m(a)] and 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], Section 8A of the Securities Act [15 U.S.C. § 77h-1], Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A).

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):
JUDGE Werlein DOCKET NUMBER H-04-1054

DATE 3-2-05

SIGNATURE OF ATTORNEY OF RECORD
Toby M. Galloway

FOR OFFICE USE ONLY
Receipt #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____